## BOUNDARY LINE FIXED BY LONG ASSENT.

Court of Appeals for Hamilton ·County.

LOUIS HELBLING ET AL V. THE WERK REALTY CO.

Decided, February 22, 1913.

*Boundary—Line Accepted as the True Boundary for More Than Twenty-One Years—Becomes the Established Boundary Line.*

Where the deeds of adjoining land owners call for the section line as the boundary line, and a fence maintained for more than twenty-one years on the supposed section line was treated by both land owners as the true boundary, the line as so marked becomes fixed as the true line, and can not be changed against the will of either owner by a survey which shows that the old fence did not follow the true section line.

*L. H. Pummill,* for plaintiffs in error.
*Thorne Baker,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The action below was a proceeding to enjoin defendants from trespassing and entering upon premises claimed by plaintiff and from taking down and carrying away a fence which it had placed upon what it claimed to be the boundary line between the lands belonging to the respective parties.

Defendants by answer and cross-petition denied the title and possession of plaintiff and claimed title and possession themselves in the strip of land in dispute, by adverse possession. Issue was joined by reply and a jury was waived and the cause was heard and submitted to the court. The court found for the plaintiff and that the line between plaintiff and defendants' lands was the true section line, being a straight line from one section corner to the other, and entered a perpetual injunction as prayed for. To this decree defendants prosecute error.

The question to be determined in this case is the division line between the parties. The description of the respective tracts of land in the deeds each called for the section line as the boundary. The evidence shows that as early as 1868 the different owners of these tracts had constructed and maintained from

time to time a fence upon a line to which each had continuously occupied, and while the land now owned by plaintiff had been in woods and uncultivated, that owned by defendants had been plowed and cultivated down to the line of the original fence, and while these fences had become dilapidated, plaintiff or its predecessors in title had recognized this line by placing stones therein in the Werk partition in 1894 or 1895 and by building a pasture fence upon it. And it was only at about the commencement of this suit when the straight line was run by Engineer Burke from one section corner to the other and plaintiff first built its fence upon it, that any question was raised as to the old fence line not being the true section line.

These facts bring the case directly within that of *Jetzer* v. *Thomas*, 17 O. S., 130, in which the syllabus is as follows:

"Where one of two proprietors, respectively, of adjoining lands holds actual, continuous, notorious and exclusive possession up to a certain line, though not originally the true one, for the full period of twenty-one years, the statute of limitations applies in its favor, and against the adjoining proprietor, although such possession may have grown out of the mutual mistake of the parties respectively in respect to the locality of what was originally the true line between them."

And following this case, the question of whether there had been a mistake in the line or what the motives of defendants or their predecessors in title had been in so occupying to the old line becomes immaterial.

Judge Brinkerhoff in the opinion of the court in the above case at page 132 uses the following language:

"We think under our statute of limitations, if a party establish in himself, or in connection with those under whom he claims, an actual, notorious, continuous and exclusive possession of land for a period of twenty-one years, he thereby, execpt as to persons under disability, acquires a title to the land; and this irrespective of any question of motive or mistake."

Nor do we think that the testimony of the witness Marshall, whose wife had owned the land and conveyed same to Helbling, can be said to toll the statute of limitations. He admitted that

he knew nothing of the subject of the controversy or the fences or the boundaries. Nothing in his testimony contradicts other evidence showing occupancy to the old line..

"Where the statute of limitations is interposed in an action of ejectment and it is shown that the original seizure was a disseizin, any subsequent act or declaration of the claimant or his predecessor in title which does not estop the claimant to plead the statute nor suspend the right of the holder of the title to prosecute an action to recover possession, will not be sufficient to arrest the running of the statute. Neither a mere offer to buy within the twenty-one years, nor an acknowledgment by the claimant within that time that the title is in another or that the claimant does not own the land, will have that effect." *McAllister* v. *Hartzell*, 60 O. S., 69.

And in the opinion in this case, Spear, J., quotes with approval at page 90 from *French* v. *Pearce*, 8 Conn., 439, this language:

"The possession alone and the quantities immediately attached to it are regarded. No intimation is there to the motive of the possessor. If he intends a wrongful disseizin, his actual possession for fifteen years gives him title; or if he occupies what he believes to be his own, a similar possession gives him title. Into the recesses of his mind, his motives or purposes, his guilt or innocence, no inquiry is made. It is for this obvious reason, that it is the visible and adverse possession, with an intention to possess, that constitutes its adverse character and not the remote views or belief of the possessor."

And again at page 93 Judge Spear indorsing the principle of the case of *Drayton* v. *Marshall*, 1 Rice Eq., 373, declares the rule to be "that where it is shown that the original seizure was a disseizin, no subsequent act or declaration of the claimant should be held to toll the statute which does not deprive the holder of the title of his right to prosecute his action to recover possession or suspend the same."

The unreported case of *Reily* v. *Whiteman*, 69 O. S., 543, followed this case.

The decision below was erroneous and is therefore reversed and the cause is remanded for new trial.